**Jason Todd REYNOLDS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Case No. 1:10–CR–00087 (GK)

United States District Court, District of Columbia.

Signed 05/20/2015

Jonathan William Haray, U.S. Securities and Exchange Commission, Washington, DC, Mary Ann Snow, U.S. Attorney's Office Special Proceedings Section, Washington, DC, Diane G. Lucas, Jonathan P. Hooks, U.S. Attorney's Office for the District Of Columbia, Washington, DC, for Petitioner.

Jason Todd Reynolds, Joint Base MDL, NJ, pro se.

David Jay Bernstein, Pro Hac Vice, National Attorney/Inmate Legal Services, Deerfield Beach, FL, Edward Charles Sussman, Law Offices of Edward C. Sussman, Washington, DC, Ryan Christopher Posey, Posey Lebowitz PLLC, Washington, DC, for Respondent.

**MEMORANDUM ORDER**

Gladys Kessler, United States District Judge

Petitioner Jason Todd Reynolds ("Reynolds" or "Petitioner") previously moved to

vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. See Motion to Vacate [Dkt. No. 96]. This Court denied the motion on March 24, 2015, concluding that Reynolds had not shown that his sentence was imposed in violation of the Constitution or laws of the United States. See Memorandum Order [Dkt. No. 140]; 28 U.S.C. § 2255(a).

Reynolds, acting pro se, has filed a Petition for Relief Under Federal Rule 60(b) ("Petition") [Dkt. No. 144]. The sole purpose of the Petition is to correct the record with regard to his alleged abuse of illegal substances in his Pre–Sentence Investigation Report ("PSI") [Dkt. No. 61]. Upon consideration of the Petition, the entire record herein, and for the reasons set forth below, Reynolds' Petition is **denied.**

Federal Rule of Civil Procedure 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Rule establishes six reasons which may justify relief from a final judgment. Petitioner does not specify which reason he relies on, but presumably relies on Rule 60(b) (6),[1] which is a catch-all provision providing that a motion for modification may be made for "any other reason that justifies relief." Id.

The Supreme Court has held that only exceptional or extraordinary circumstances can justify relief under this subsection of Rule 60. Ackermann v. United States, 340 U.S. 193, 199–202, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Our Court of Appeals has further stated that the Rule "should. be only sparingly used." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1140 (D.C. Cir. 1988) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

Petitioner's claims of having a substance abuse problem and using "illegal drugs on a regular basis" are not substantiated by the record and are not persuasive. Petition at 3. Even if the claims are true, the fact that he was not honest during his presentence investigation interview is not a justification for relief under Rule 60(b). See Ackermann, 340 U.S. at 212, 71 S.Ct. 209 ("free, calculated, deliberate choices are not to be relieved from"); Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) ("extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices").

Accordingly, it is hereby

**ORDERED**, that the Petition for Relief Under Federal Rule 60 (b) is **denied.**

---

1. The other reasons include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; and (5) the judgment has been satisfied, released, or discharged. Petitioner has not alleged that a mistake was made in the PSI, that his alleged illegal substance abuse is newly discovered, or that there is fraud involved, and his request does not pertain to a judgment. Therefore, none of these reasons are applicable.